IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEWAYNE CUNNINGHAM, :
AIS 190108,
:
    Petitioner,
:
vs.                                         CA 04-0607-WS-C
:
JERRY FERRELL,
:
    Respondent.

## REPORT AND RECOMMENDATION

Dewayne Cunningham, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1.     Cunningham was convicted in the Circuit Court of Escambia County, Alabama on September 11, 1996, of first-degree rape and was sentenced to life imprisonment on November 13, 1996. (*See* Doc. 1, at 2-3) Petitioner directly appealed his conviction and sentence and also collaterally

attacked same. *See Cunningham v. Holt*, CA 00-0471-BH-C & 01-0004-BH-C, Doc. 30 in 00-0471, at 2. Cunningham filed a Rule 32 petition in 1999 in the Circuit Court of Escambia County, Alabama collaterally attacking his conviction and sentence, *see id.*, and more recently filed another Rule 32 petition in the Circuit Court of Escambia County, Alabama  (Doc. 1, at 5 (Rule 32 petition denied on April 29, 2004)).

    2.    Cunningham has filed a number of federal habeas corpus petitions in this Court, pursuant to 28 U.S.C. § 2254, attacking his 1996 rape conviction. *See* CA 00-0471-BH-C & 01-0004-BH-C, *supra*. The Court consolidated the two foregoing petitions and, on July 10, 2001, the undersigned recommended that the petition be denied on the basis that this Court was procedurally barred from reaching the merits of petitioner's ineffective assistance of counsel claim and that petitioner had failed to demonstrate that he was entitled to relief under 28 U.S.C. § 2254(d)(1) or (2) with respect to his one-man lineup claim. *See* CA 00-0471-BH-C, Doc. 30. In discussing procedural default, the undersigned discussed the fundamental miscarriage of justice/actual innocence exception. *Id.* at 13-14, ¶ 8 & n.5.

> [V]iewing all of the evidence presented at Cunningham's trial in the light most favorable to the prosecution, the undersigned is of the opinion that any rational trier of fact could have found the essential elements of first-degree rape beyond a reasonable doubt, and therefore, the facts of this case do not support a

> conclusion that there will be a fundamental miscarriage of justice if this Court does not consider the federal claim raised in ground two of the petition. *See Murray v. Carrier, supra*, 477 U.S. at 496, 106 S.Ct. at 2649. Petitioner's contention that this Court should order DNA testing on certain identified evidence (*see* Doc. 28) does not qualify as the type of exculpatory scientific evidence identified in *Schlup v. Delo, supra*, since such evidence does not now exist exculpating petitioner. Rather, all Cunningham does is make the broad conclusory argument that such testing may exculpate him. Such DNA testing, however, is neither warranted nor would it be likely to exculpate petitioner since there was never any direct DNA evidence used in prosecuting him at trial, the evidence offered at trial clearly establishing that the rapist wore a condom.

*Id*. at n.5.  United States District Judge W. B. Hand adopted the undersigned's report and recommendation by order entered on August 7, 2001, *id.* at Doc. 32, and entered judgment that same date denying Cunningham's petition for writ of habeas corpus, *id*. at Doc. 33.

       3.    Petitioner filed written notice of appeal on September 6, 2001, *id.* at Doc. 34, and, on September 17, 2001, a request to proceed on appeal without prepayment of costs, *id* at Doc. 35. This Court construed petitioner's motion to proceed on appeal *in forma pauperis* as a motion for a certificate of appealability and denied same by order dated September 19, 2001, *id*. at Doc. 36. Thereafter, on December 4, 2001, the Eleventh Circuit Court of Appeals denied Cunningham's motion for certificate of appealability, construed from his notice of appeal, because he had "failed to make a substantial showing of the

3

denial of a constitutional right." *Id*. at Doc. 37.

    4.    Cunningham filed the instant habeas corpus petition in this Court on September 20, 2004. (Doc. 1) The sole argument made therein by petitioner is the conclusory one that he is actually innocent of the crime for which he was convicted. (*Id*. at 13 & 14 (Attached Sheets)) While the undersigned granted petitioner's motion to proceed without prepayment of fees, in that same order the Clerk of Court was directed to withhold service of process until further notification. (Doc. 3)

## CONCLUSIONS OF LAW

    1.    Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

    2.    The instant petition, filed on September 20, 2004 pursuant to 28 U.S.C. § 2254, is clearly a second/successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court

4

of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Cunningham's request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

    3.    The undersigned recommends that this Court dismiss Cunningham's present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther, supra*, 173 F.3d at 1330-1331 (refusing to decide whether § 1631 authorizes a transfer) *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (implicitly recognizing that § 1631 authorizes a transfer), because his petition, "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

## **CONCLUSION**

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 28th day of March, 2005.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.     *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                          s/WILLIAM E. CASSADY
                                                          UNITED STATES MAGISTRATE JUDGE